MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. HOWARD BLAND and ROY BLAND.

Decided April 21, 1909.

**1.—Appeal—Jurisdiction.**

A party seeking to appeal from a judgment to a higher court must do whatever necessary to make it affirmatively appear that the appellate court has jurisdiction; and the County Court can not exercise jurisdiction over an appeal from Justice Court unless informed as to the amount of the judgment below, which it can only learn from a transcript of the proceedings properly authenticated by the justice.

**2.—Same—Diligence.**

An appellant must exercise diligence to perfect a defective record within reasonable time; and where one appealing from a Justice Court judgment had neglected for six months, two terms of the court passing, to supply the defect of want of a properly certified transcript from the Justice Court, the appeal was properly dismissed.

**3.—Cases Discussed.**

The rulings in Patty v. Miller, 5 Texas Civ. App., 308 and Campbell v. Bechsenschutz, 25 S. W., 971, questioned.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*Luther Nickels,* for appellant.—The jurisdiction of the County Court attached by reason of the proper appeal bond having been filed in the Justice Court, regardless of the transmission and filing, vel non, of the transcript; and the action of the court, therefore, in dismissing the appeal for lack of jurisdiction upon the ground that there was no properly certified transcript from the Justice Court on file in the County Court was error. Batts' Civil Statutes Annotated, arts. 1672, 1673; Patty v. Miller, 5 Texas Civ. App., 308; Campbell v. Bechsenschutz, 25 S. W., 971; Shepard v. Duke, 28 S. W., 568.

*H. S. Smith* and *R. L. Penn,* for appellees.—That a litigant seeking to cure a defect in the record on appeal should act promptly after discovering the defect, and that, if he does not do so, the relief will not be granted: St. Louis & S. F. Ry. Co. v. Pettigrew, 97 S. W., 338; W. U. Tel. Co. v. O'Keefe, 87 Texas, 428; Ross v. McGowan, 58 Texas, 608-9.

That appellant, after discovering the defect in the transcript was entitled to only a reasonable time within which to cure the defect,

and, failing in this, its appeal should have been dismissed.   Coates
v. Bryan, 40 S. W., 748.

KEY, Associate Justice.—This is an appeal from a judgment
of the County Court dismissing an appeal from a justice of the peace
court.   The original papers and an unauthenticated transcript of the
proceedings in the justice's court were filed in the County Court on
November 22, 1907.   When the case was reached and called for trial
at the next term of the County Court it was discovered that the tran-
script from the justice's court was not certified by the justice of the
peace.   The defendant suggested the defect and made application
for a writ of certiorari to the justice of the peace, requiring him to
file in the County Court a properly authenticated transcript.   It was
then agreed that the case should be continued for the term in order
to have the justice of the peace certify to the correctness of the tran-
script, and the defendant withdrew its application for a writ of cer-
tiorari.

At the March term, 1908, the case was continued by agreement and
was called for trial at the June term at an agreed setting, which was
June 16.   The plaintiffs then presented a motion to dismiss the case,
asserting that the County Court had no jurisdiction, because there
was no properly certified transcript sent up by the justice of the
peace.   The court sustained the motion and entered a judgment dis-
missing the appeal.   When the motion to dismiss was presented, the
defendant presented an application for a writ of certiorari to the
justice of the peace, requiring him to send up a proper transcript,
which application was overruled.

We are of the opinion that the trial court made the proper dis-
position of the case.   The appellate jurisdiction of the County Court
is fixed by sec. 16 of art. 5 of the Constitution, as follows:   "They
shall have appellate jurisdiction in cases civil and criminal of which
justice's courts have original jurisdiction, but of such civil cases only
when the judgment of the court appealed from shall exceed twenty
dollars, exclusive of costs, under such regulations as may be prescribed
by law."

Before any court can be required to exercise its functions it must
be made to appear that it has jurisdiction of the subject matter, and
the burden rests upon one of the litigants to make that appear.   When
it is sought to transfer a case from one court to another by an appeal,
or other authorized procedure, the burden rests upon the party against
whom the judgment stands in the lower court, and who is seeking to
avoid it by appeal to a higher court, to see to it that everything is
done which is necessary to make it affirmatively appear that the higher
court has jurisdiction of the case.   In the case at bar, in the absence
of a properly authenticated transcript from the justice's court, con-
taining a copy of the judgment of that court, the County Court was
not properly informed as to the amount of the judgment, and there-
fore could not ascertain whether this case was within the class of
which that court had appellate jurisdiction.   The source of such in-
formation prescribed by law is a transcript of the proceedings had in
the justice's court, and the burden rested upon appellant to cause

such transcript to be filed. It was not only required to perform that duty, but it was required to exercise proper diligence in order to prevent unnecessary delay. (Coates v. Bryan, 40 S. W., 748; Ross v. McGowen, 58 Texas, 608; St. Louis & S. F. Ry. Co. v. Pettigrew, 97 S. W., 338.)

When the appeal was dismissed, the case had been pending in the County Court for over six months, and the bill of exception states that the defendant admitted that it had made no effort to have the justice of the peace correct the transcript. By the exercise of proper diligence by appellant the transcript could have been corrected, and the trial could have proceeded when the case was last called, and the transcript could not have been corrected without further delay. Under these circumstances, the County Court pursued the proper course when it overruled the application for a writ of certiorari and dismissed the appeal.

We have examined the cases of Patty v. Miller, 24 S. W., 330 and Campbell v. Bechsenschutz, 25 S. W., 971, decided by the Fourth Court of Civil Appeals. The cases are not entirely analogous, although they contain expressions tending to support appellant's contention in this case. But however that may be, and while we entertain great respect for that learned court, its decisions are not binding upon us, and the cases referred to will not be followed to the extent insisted on in this case.

Judgment affirmed.

*Affirmed.*