WESTERN UNION TELEGRAPH CO. v. RAY.

(Court of Civil Appeals of Texas. Dallas. May 11, 1912. Rehearing Denied June 1, 1912.)

1. EVIDENCE (§ 315*)—HEARSAY.

In an action for damages for the nondelivery of a telegram, alleged to have not been sent according to instructions given the telegraph agent, testimony that the sender had told witness that in sending the telegram "he had followed out the instructions I had given," being hearsay, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1200; Dec. Dig. § 315.*]

2. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—HEARSAY EVIDENCE.

Where hearsay evidence, in an action for damages for failure to deliver a telegram to the proper address, tended to corroborate the testimony of plaintiff's witness on the issue whether a proper address had been given to the telegraph agent, its admission was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

3. TRIAL (§ 118*)—ARGUMENT OF COUNSEL—READING OTHER DECISIONS.

In an action for damages for nondelivery of a telegram, resulting in the plaintiff not being present at his father's death and burial, it was error to permit the plaintiff's counsel in his argument to read to the jury another case wherein a judgment for $2,500 was affirmed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 290–293; Dec. Dig. § 118.*]

4. TRIAL (§ 120*)—ARGUMENT OF COUNSEL.

Counsel in their argument should not make a statement of facts not warranted by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 285–287; Dec. Dig. § 120.*]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by S. T. Ray against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

N. L. Lindsley and E. G. Senter, both of Dallas, for appellant. H. M. Cosnahan, of Kaufman, for appellee.

RAINEY, C. J. The appellee sued appellant to recover damages for negligence in failing to deliver the following telegram, viz.: "Alvord, Texas, February 23rd, 1910. To S. T. Ray, Mabank, Texas. Your father is awful bad. Come if you can. [Signed] S. L. Ray." The allegations of the petition were, in effect: That the message was delivered for transmission to defendant's agent at Al-

vord. That the message was to be mailed to the addressee at Mabank, whose residence was made known to the agent at Alvord, at the time it was delivered for transmission, and the extra charge for mailing paid to said agent. That after the delivery for transmission to the said agent, S. L. Ray called on the agent at Alvord and inquired about the message, and was informed by the said agent that the message had been transmitted and duly mailed at Mabank to the plaintiff. That after receiving said information the senders of the message felt satisfied S. T. Ray had received it, and that he would have time to reach the bedside of his father. That had said message been received by him he would have gone at once to his father. That his father died on the 28th day of February, 1910, and he never knew of it until three days after his burial. That by his being deprived of being at the death and burial of his father he had been damaged $2,000. Defendant answered by general denial, and specially that the sender was guilty of contributory negligence in not using ordinary care of advising plaintiff in time for him to have responded before his father's death; that an improper address of plaintiff was given defendant's agent which caused the nondelivery, which was known to the sender; that plaintiff had sufficient notice of his father's illness, etc. A trial resulted in a judgment for $1,000 in favor of the plaintiff, and defendant appeals.

We are of the opinion that this cause ought to be reversed for the following reasons:

[1, 2] First. The court erred in admitting the testimony of E. G. F. Ray, which was that: "S. L. Ray called me up over the phone in about half an hour after I phoned him, and he then told me that he had sent the telegram to S. T. Ray. He told me that he had followed out the instructions I had given him. I relied upon this and believed that our brother had been notified of our father's condition." He further testified: "I knew the address of my brother, S. T. Ray, on February 23, 1910. It was Prairieville, Kaufman county, Tex., R. F. D. No. 1. I knew it by having corresponded with him there sending and receiving letters." The issue was sharply contested as to whether S. L. Ray, the sender, at the time he delivered the message for transmission to the agent at Alvord, informed him that the residence of S. T. Ray was Prairieville, and that the message was to be mailed at Mabank to that address. McCready, the operator at Alvord, and who received the message, testified positively that S. L. Ray did not mention any address but Mabank, that Prairieville was not given as the address of S. T. Ray, and that Mabank, as stated in the message, was the only address mentioned. While the testimony of S. L. Ray was to the effect that when he delivered the message to McCready

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

at Alvord he instructed him to mail the message at Mabank to S. T. Ray, Prairieville. Whether the address of S. T. Ray, Prairieville, was communicated by S. L. Ray to the operator at Alvord was a controlling issue on the question of defendant's negligence in the delivery of the message, and the testimony of E. G. F. Ray that S. L. Ray, about one-half hour after he had requested S. L. Ray to phone S. T. Ray, called him up by phone and told him that he had sent the telegram and that "he had followed out the instructions I had given." This testimony was clearly hearsay, and we think damaging to appellant as tending to corroborate the testimony of S. L. Ray on the issue as to whether a proper address was given, and should not have been admitted.

[3] Second. The court, over objections, erred in permitting appellee's counsel in his argument to read to the jury the case of Stuart v. Tel. Co., 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623, where judgment was affirmed for $2,500. The reading of this opinion of the Supreme Court was calculated to influence the jury in giving a larger amount than they would otherwise have done. The damages assessed by the jury should depend upon the evidence adduced on the trial of the particular case, and they should not be influenced by the verdict of jurors in other cases. Railway Co. v. Wesch, 85 Tex. 593, 22 S. W. 957; Railway Co. v. Holmes, 49 S. W. 658.

[4] In this connection we will remark that another counsel of appellee in argument to the jury improperly stated that, "when this message was sent, another message was sent on a separate piece of paper instructing the operator what to do with it and how to get it to the plaintiff." There was no evidence to that effect introduced, and counsel should not inject into a case statements that are not warranted by the evidence.

The judgment is reversed, and cause remanded.