## CITY OF AUSTIN v. GRESS.

(Court of Civil Appeals of Texas. Austin. April 2, 1913. Rehearing Denied April 30, 1913.)

1. MASTER AND SERVANT (§§ 101, 102, 235*)—INJURIES TO SERVANT—DUTY OF MASTER—SAFE PLACE TO WORK—DUTY TO INSPECT.

A master is bound to exercise ordinary care to furnish a safe place for his servants to work, and it is not their duty to inspect the place so furnished.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192, 710–722; Dec. Dig. §§ 101, 102, 235.*]

2. MASTER AND SERVANT (§ 219*)—INJURIES TO SERVANT — SAFE PLACE TO WORK — ASSUMED RISK.

Plaintiff, an ordinary laborer, while tamping dirt around a pipe in a ditch 4 feet wide and 12 feet deep as an employé of defendant city, was injured by a cave of the side of the ditch. The evidence was conflicting as to the character of the earth, and it was shown that wells dug by the city in the immediate neighborhood without supporting walls did not cave. The work of digging the ditch was superintended by the city's chief engineer, and it was shown that he had not considered the ditch in danger of caving, and that plaintiff had no experience in such work. *Held*, that the danger was not so obvious as to charge plaintiff with the assumption of the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219.*]

3. TRIAL (§ 133*)—MISCONDUCT OF COUNSEL.

In an action by a laborer against a city for injuries, defendant's counsel on requesting a physical examination of plaintiff during the trial was asked by plaintiff's counsel whether he represented the city or an insurance company, to which counsel replied that they represented the city, when counsel for plaintiff asked if they had been paid by the city, and that if defendant's counsel would state that it was not for the benefit of an insurance company, at which point defendant's counsel excepted, and the court directed the jury not to regard the remark. *Held*, that the statements by plaintiff's counsel were improper and reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by E. J. Gress against the City of Austin. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Gregory, Batts & Brooks and J. H. Hart, all of Austin, for appellant. J. N. Keith and Dickens & Dickens, all of Austin, for appellee.

JENKINS, J. This is a suit in which appellee recovered $400 damages against appellant on account of injuries received by him from the caving of a ditch in which he was at work. The ditch was about 4 feet wide and 12 feet deep. Appellee at the time of the injury was tamping dirt around a pipe in said ditch.

The general and special charges given by the court properly submitted to the jury the issue of negligence on the part of appellant, and of assumed risk on the part of appellee. It is the contention of appellant, however, that the court should have peremptorily instructed a verdict against appellee, for the reason that as matter of law there was no evidence that would support a verdict for damages. The ground of this contention is that the ditch was an open one in which the appellee had been working for two or three days; that the nature of the soil and the probability of its caving was as open to the observation of appellee as to the servants of appellant.

In several cases of somewhat similar nature, it has been held that the evidence would not support a verdict for plaintiff. Railway Co. v. French, 86 Tex. 98, 23 S. W. 642; Stockyards Co. v. Whittenburg, 34 Tex. Civ. App. 163, 78 S. W. 365; Hightower v Gray, 36 Tex. Civ. App. 674, 83 S. W. 254; Railway v. Lempe, 59 Tex. 19. In Hightower v. Gray and Railway v. French, supra,

the acts of the plaintiff in removing the support of a rock in one instance, and of a log in the other, were the immediate cause of the injury; and the fact that removing the support of a rock or a log will cause it to fall must be presumed to be known to all men of ordinary intelligence. In Railway v. Lempe, supra, the plaintiff was digging in a well, and had some warning as to the danger by clods and dirt falling in upon him. In the Stockyards Case, supra, the injury was caused by the caving in of a sand and gravel pit. It is fair to presume that all men know that sand and gravel are liable to cave.

In the instant case the appellee was not digging nor doing anything else at the time of the injury calculated to cause the ditch to cave. The issue is as to whether or not the danger was as apparent to him as to the city's employés. The evidence indicates that as to whether or not there was any danger depended upon the nature of the soil. Some of the witnesses for appellant say that it was what is known as brick clay; others refer to it as loam; others as clay and sand; and others as having streaks of sand. The evidence shows that two wells had been dug by the city in the immediate neighborhood of this ditch, and, although the walls of the same were not supported in any way, they did not cave. On the other hand, the evidence shows that a ditch dug within 45 feet of the ditch in which appellee was injured had caved in part, and that that ditch was dug partly in river sand and partly in clay. The work of digging this ditch was superintended by the chief engineer of the city, who had had considerable experience in having ditches dug for appellant. The evidence shows that the appellee, with the exception of two or three days in which he had been at work in this ditch, had had no experience in digging ditches in the city of Austin.

[1, 2] We regard this as a border line case, in which the jury might have rendered a verdict for appellant; but we cannot say as matter of law that there was no evidence on which to render a verdict for appellee. It is the duty of an employer to exercise ordinary care to furnish a safe place for his employés to work, and it is not the duty of an employé to inspect such place. As to the danger's being open to observation, it is evident that neither the appellee nor the engineer of appellant believed from what they saw that there was danger of caving; but that there was such danger is shown by the fact that the ditch did cave. A common laborer, where the danger is not apparent, might well take it for granted that an experienced engineer was acquainted with the character of the soil, and knew that there was no danger; and in accepting work under such circumstances would not assume the risk of danger which was not apparent, and of which he had no knowledge. The jury would be justified in assuming that the engineer was negligent in not properly inspecting the nature of the soil where the caving occurred.

[3] This case, however, must be reversed on account of the remarks of appellee's counsel as follows, and made under the following circumstances: Counsel for appellant contending that appellee was not permanently injured, and cross-examining him as to this matter, asked him if he was willing to be examined by competent physicians. Appellee replied that he did not see any use of such examination, but that, if the court thought it necessary, he was willing to submit to the same. Thereupon counsel for appellant named in open court to counsel for appellee six reputable physicians in the city of Austin, and requested him to select a committee from said physicians to examine appellee, stating that appellant would pay for such examination. Counsel for appellee replied: "Who do you represent, the city of Austin, or an insurance company?" To which counsel for appellant replied: "We represent the city of Austin." Thereupon counsel for appellee asked, "Been paid by them?" To which counsel for appellant replied: "That is my business. I generally manage to collect my fees." Thereupon counsel for appellee said: "If you will state that it is not for the benefit of an insurance company. * * *" At which point counsel for appellant interrupted said statement, and said that he desired to take a bill of exception to said remarks upon the ground that they were made for the deliberate purpose of creating some character of prejudice. Thereupon the court said, "Well, the jury will disregard that remark."

Appellee insists that the error is not material, for the reason that the court instructed the jury to disregard such remark. We are loath to reverse a case upon the ground of improper remarks by counsel. Such remarks are sometimes held by the trial judge to be improper, when, in fact, they are not. Sometimes they are made unthoughtedly in the heat of discussion; and in such cases, where the court instructs the jury to disregard them, it will usually be presumed that the jury did so. But where statements, deliberately made, are of such a character that no attorney would have pleaded them, and no well-informed attorney would suppose that he would be permitted to prove them, and the effect of such remarks is highly prejudicial, we can see no way of enforcing proper practice in this regard except to reverse and remand the case, where the party making such remarks has obtained a verdict. It is apparent that the purpose of these remarks was to lead the jury to believe that the city of Austin would not suffer by a verdict against it, inasmuch as the judgment would be paid by some insurance company.

We have given due consideration to the other assignments, and have reached the conclusion that they should be overruled. As they present no novel questions, we do

not deem it necessary to write at length upon them.

For the reason that the remarks of counsel were improper and highly prejudicial, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.