TOMPKINS et al. v. PENDLETON.

(Court of Civil Appeals of Texas. Austin. June 18, 1913. On Motion for Rehearing, Oct. 15, 1913. On the Merits, Oct. 22, 1913.)

**On Motion for Rehearing.**

1. APPEAL AND ERROR (§ 653*)—AMENDMENT OF TRANSCRIPT—TIME FOR PROCEEDINGS.

Court of Civil Appeals Rules 8 and 11 (142 S. W. xi), requiring motions for certiorari and to amend the transcript, necessitated by irregularity in bringing the case into the appellate court, to be filed within 30 days after the case is filed in the Court of Civil Appeals, should not be arbitrarily construed so as to defeat the ends of justice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2816–2818; Dec. Dig. § 653.*]

2. APPEAL AND ERROR (§ 654*)—DIMINUTION OF RECORD—APPLICATION FOR RELIEF.

An appeal bond and the transcript were filed in due time on appeal from the county to the district court, but were not incorporated into the transcript on appeal to the Court of Civil Appeals because of the clerk's failure to copy them into the transcript, as requested by appellant, and not from any negligence by appellant's counsel, and such failure was not discovered by counsel until the motion to dismiss the appeal was filed after about a year had elapsed, instead of 30 days from the time the record was filed in the appellate court, as required by Court of Civil Appeals Rule 9 (142 S. W. xi), thereby making it impossible for appellant to conform to Rule 8 (142 S. W. xi), requiring a motion to amend the transcript to be filed within 30 days after the cause was filed in the Court of Civil Appeals. *Held*, that justice required that appellant be now permitted to file the appeal bond with the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2819–2822; Dec. Dig. § 654.*]

**On the Merits.**

3. WILLS (§ 323*)—CONTEST—MISCONDUCT OF COUNSEL.

Proponent's counsel stated in argument that a certain witness, who testified by deposition for contestants, "did not dare to come here where I could cross-question her, for she was bought for one dollar, for one of the counsel for contestants told me so," and when the court stated, on objection by contestants, that counsel should confine his argument to the facts proven, proponent's counsel turned to the jury and said, "It is true." The witness referred to was contestants' chief witness on the question of whether decedent ever in fact executed the will, which was the principal issue, and there was no evidence tending to support the argument of counsel. *Held*, that the court's failure to instruct the jury to disregard such argument was prejudicial, and required that the verdict be set aside.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 766; Dec. Dig. § 323.*]

4. WILLS (§ 396*)—CONTEST—ACTION—REVIEW—OBJECTIONS TO EVIDENCE.

Error in admitting the alleged will in evidence in a will contest cannot be reviewed, where the objections to its introduction on the ground of failure to prove that the attesting witnesses were credible and over 14 years of age was not specifically pointed out.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 866; Dec. Dig. § 396.*]

5. TRIAL (§ 82*)—RECEPTION OF EVIDENCE.

District Court Rule 57 (142 S. W. xxi), providing that exceptions to the admission of evidence shall not be sustained where no reason is assigned for objecting thereto, if the evidence is competent as tending to prove any fact in issue, does not permit "dragnet" objections which do not specify the objections to the evidence offered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 194–210; Dec. Dig. § 82.*]

6. APPEAL AND ERROR (§ 724*)—ASSIGNMENT OF ERROR.

An error not presented as required by Court of Civil Appeals Rule 24 (142 S. W. xii) requiring an assignment of error to distinctly specify the grounds of error relied on, which must have previously been incorporated in the motion for new trial, is deemed to have been waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

Appeal from District Court, Waller County; Wells Thompson, Judge.

Probate proceedings by Walton Pendleton against Henry Tompkins and others, contestants. From a judgment for proponent, contestants appeal. Reversed and remanded on rehearing.

K. E. Hannay, and R. E. Hannay, Jr., both of Hempstead, for the motion. W. J. Poole, of Madisonville, and A. G. Lipscomb, of Hempstead, opposed.

**On Motion to Dismiss Appeal.**

RICE, J. This is an appeal from a judgment of the district court of said county probating the will of Lou Wyatt, deceased, and appointing appellee executor of said estate, and directing that letters testamentary should be issued to him. We gather from the brief and record that this case originated in the probate court of said county, wherein appellee propounded said will for probate, which was contested by appellants on the ground that said deceased was of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

unsound mind, and that the same was induced by undue influence, etc.

There is no appeal bond nor certified transcript, however, of the papers and proceedings relating to the judgment appealed from, as required by article 2204, Sayles' Rev. Civ. Stat. 1888, and, which failure is made the basis by appellee of a motion to dismiss said appeal. The district court had no original, but only appellate, jurisdiction of this case; and article 2200, Sayles' Rev. Civ. Stat., provides that any person who may consider himself aggrieved by any decision, order, decree, or judgment of the county court shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of chapter 31, which requires, among other things, that such appellant shall, within 15 days after the decision, judgment, or decree shall have been rendered, file with the county clerk a bond conditioned as required by law, and that upon the filing of such bond such clerk shall make a certified copy of the proceedings and papers relating to such decision or decree, together with such decision or decree, and transmit the same to the clerk of the district court, together with the appeal bond, or affidavit in lieu of such bond, if any has been given, on or before the first day of the next term of such court. Without the filing of such bond or affidavit in lieu thereof, the district court can acquire no jurisdiction, and the appeal should be dismissed. See Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486. And it is the settled practice in this state that where the court a quo had no jurisdiction of the case, the appellate court can acquire none. See Able v. Bloomfield, 6 Tex. 263; Horan v. Wahrenberger, 9 Tex. 317, 58 Am. Dec. 145; Davis v. Stewart, 4 Tex. 223. The practice in this respect is very much similar to that prescribed in appeal from the justice to the county court (see articles 1670 and 1673, Sayles' Rev. Civ. Stat. 1897); and it has been frequently held in such cases that where no appeal bond and transcript were filed, as required by said last-named articles, that the county court acquired no jurisdiction, and such appeals should be dismissed (see M., K. & T. Ry. Co. v. Bland, 55 Tex. Civ. App. 382, 119 S. W. 911; Bonner & Legg v. Tyndall, 46 Tex. Civ. App. 176, 101 S. W. 839; Needham v. Austin Electric Ry. Co., 127 S. W. 904). But appellants in this case resist the motion to dismiss for the reason, as they allege, that they complied with the statute in this respect, showing that they filed their appeal bond conditioned as required by law with the county clerk, who approved the same, within two days after the judgment was rendered in the county court, and that said bond was thereafter, in due time, together with the transcript of the proceedings, filed in the district court of said county, attaching to said reply certified copy of said bond, omitting, however, a transcript of such proceedings, but offered no explanation or excuse showing why such bond and proceeding were omitted and asking that in the event this court is not satisfied, it issue its writ of certiorari to the district clerk of said county to complete said transcript, which reply was duly verified. This reply, however, was not filed in this court until June 6, 1913, and the transcript of the record was filed in the Court of Civil Appeals for the Galveston District on July 8, 1912, and in this court on May 5, 1913, for which reason we must disregard this reply and the copy of the bond thereto attached, and refuse to issue the writ of certiorari, because such motion must be filed within 30 days after the transcript is filed in the Court of Civil Appeals. See rules 8 and 11 (142 S. W. xi) for the government of the courts of civil appeals.

But, even if we are mistaken in this, still this court has no jurisdiction to entertain said appeal, because it appears from appellants' brief that they introduced no proof on the trial in the county court when the will was offered for probate, and by such failure appellants must be held to have abandoned their suit; and, having abandoned their cause of action, they have no right of appeal. See Sorrell v. Stone, 127 S. W. 300, in which a writ of error was denied by the Supreme Court.

For the reasons indicated, we think the motion to dismiss the appeal should be sustained, and it is so ordered.

Appeal dismissed.

### On Motion for Rehearing.

A. G. Lipscomb, of Hempstead, and W. J. Poole, of Madisonville, for appellants.

RICE, J. While appellants' brief stated, as held by us in original opinion, that no proof was offered by them on trial in the county court, yet it clearly appears from the record that this statement was incorrect and was inadvertently made; such proof having in fact been introduced.

[1, 2] It is also true that while rules 8 and 11 require all motions for certiorari and to amend the transcript, occasioned by irregularities in the manner of bringing a case into court, to be filed within 30 days after the case is filed in this court, still these rules are not to be so arbitrarily construed as to defeat the ends of justice in any case. The record shows that an appeal bond was in fact filed from the county court to the district court, together with the transcript, in due time; and the failure to incorporate these documents in the transcript to this court is not shown to be attributable to the negligence of appellants' counsel. On the contrary, it seems that he prepared the list of papers to be copied by the clerk in the transcript, and this list embraced the bond and transcript on appeal from the county to the district court, and the failure on the

part of the clerk to conform to this request was not discovered by said counsel until the motion to dismiss the appeal was filed. This motion should itself have been made, under rule 9 (142 S. W. xi), within 30 days from the time the record was filed in the appellate court, but was not done until about one year had elapsed. Therefore it was impossible for appellants to conform to the requirements of rule 8 (142 S. W. xi). Justice, we think, will be best subserved by allowing the filing of said bond and transcript, copies of which accompany the motion for rehearing, and they will hereafter be regarded as a part of the record to be considered by this court.

For the reasons stated, the motion for rehearing is granted.

### On the Merits.

This appeal involves the correctness of a judgment sustaining the will of Lou Wyatt, deceased, which was propounded for probate in the county court of Waller county by Walton Pendleton, appellee, the sole executor named therein. Its execution is denied by appellants, and it is likewise assailed on the ground of fraud and undue influence. The case was first tried in the county court, wherein a judgment was obtained by appellee, and on appeal therefrom by appellants to the district court a similar judgment was rendered, from which this appeal is prosecuted.

The first error assigned is the insufficiency of the evidence to sustain the judgment. It is only necessary to say in reference to this assignment that there is evidence supporting the due execution of the will; and, while this fact is controverted by the evidence offered on the part of appellants, yet its solution was a question for the jury, and their verdict, for this reason, will not be disturbed by us.

[3] During the closing argument of R. E. Hannay, Esq., counsel for appellee, as shown by bill, he said: "Gentlemen of the jury: The witness Rachel Richards, who testified by deposition for contestants, did not dare to come here where I could cross-question her, for she was bought for one dollar, for A. G. Lipscomb, one of the counsel for contestants, told me so." This language was promptly objected to by counsel for appellants, on the ground that the same was untrue, and, second, that there was no such testimony before the jury, and the court told Mr. Hannay to confine his argument to the facts as proven. Whereupon he turned to the jury and said: "It is true." To all which language and conduct on his part contestants excepted, and the court did not instruct the jury to disregard this argument. One of the principal issues in the case was as to whether or not the will was in fact ever executed by Lou Wyatt, the deceased, and Rachel Richards was the chief witness sustaining appellant's contention in this respect, to wit, that the will was never executed by Lou Wyatt. There is absolutely no evidence in the record supporting or tending to support the argument of counsel as above set out. We cannot presume that the jury were not influenced thereby, but, on the contrary, must infer that the same probably influenced their verdict. This being true and the court having failed to instruct the jury to disregard it, requires us to set aside the verdict. See Galveston Electric Co. v. Dickey, 56 Tex. Civ. App. 490, 120 S. W. 1134; Dillingham v. Scales, 78 Tex. 205, 14 S. W. 566; Moss v. Slack, 141 S. W. 1063; Cameron v. Cameron, 162 Mo. App. 110, 144 S. W. 171; Western U. Tel. Co. v. Ray, 147 S. W. 1194; Cincinnati, N. O. & T. P. Ry. Co. v. Martin, 154 Ky. 348, 157 S. W. 710; Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121; City of Austin v. Gress, 156 S. W. 535; Campbell v. Prieto, 143 S. W. 668; Willis & Bro. v. McNeill, 57 Tex. 465; G., C. & S. F. Ry. Co. v. Butcher, 83 Tex. 314, 18 S. W. 583; Texas & St. Louis, etc., Ry. Co. v. Jarrell, 60 Tex. 270.

In Dillingham v. Scales, supra, Mr. Justice Henry held that where improper argument had been resorted to, which was calculated to and probably did influence the verdict of the jury, it was the duty of the court to set aside the verdict.

In the case of City of Austin v. Gress, supra, it was held that statements by plaintiff's counsel in a personal injury case, indicating a belief that an insurance company was the real party in interest in defending the case, was reversible error, in spite of the action of the court in directing the jury to disregard it.

[4-6] We cannot consider the point raised by the fifth assignment, for the reasons, first, that the objection to the introduction of the will was too general, failing to point out the particular error relied on, which, however, appears from the statement to have been a failure on the part of appellee to prove that the attesting witnesses to the will were credible and over the age of 14 years. If the assignment, however, had been sufficiently specific to raise the question now sought to be presented, still it could not be considered by us, for the reason that this specific objection was not made to the introduction of the will at the time it was offered in evidence, nor was it even raised in the motion for new trial. District Court Rule 57 (142 S. W. xxi) prescribes that exceptions to the admission of evidence on the trial, where no reason is assigned for objecting to it, shall not be sustained where the evidence is obviously competent and admissible as tending to prove any of the facts put in issue in the pleadings. This rule does not permit dragnet objections which fail to definitely specify the objection to the evidence offered, and is reasonable in that it affords the trial court an opportunity of considering the exact question presented. Rule 24 (142 S. W. xii), governing this court, requires

that the assignment should distinctly specify the grounds of error relied on, which must have been previously incorporated in the motion for new trial, and an error not so presented must be regarded as waived.

We do not think there is any merit in the remaining assignments, for which reason they are overruled; but, on account of the error above pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.