## CLARK v. MAUND. (No. 495.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 12, 1919.)

1. JUSTICES OF THE PEACE ⬥⟹164(3) — DISMISSAL OF APPEAL FOR FAILURE TO TRANSMIT TRANSCRIPT.

Where justice of the peace did not comply with Rev. St. 1911, arts. 2396, 2397, requiring, in case of appeal to county court, transmission of transcript on or before the first day of the next term, or on or before the first day of the second term of the county court, and defendant appellant did not cause transcript to be filed until the last day of the third term, *held*, county court did not abuse its discretion in dismissing appeal for want of prosecution.

2. JUSTICES OF THE PEACE ⬥⟹164(3)—APPELLANT'S DUTY TO REQUIRE JUSTICE TO TRANSMIT TRANSCRIPT.

While it was the duty of the justice of the peace under Rev. St. 1911, arts. 2396, 2397, to transmit transcript to county court on appeal, it was also the duty of appellant to prosecute his appeal with reasonable diligence, and, if necessary to that end, resort to proper means to compel the justice to make up and transmit transcript to county court.

Appeal from Sabine County Court; F. P. Adams, Judge.

Suit by H. M. Maund against F. I. Clark. There was judgment for plaintiff in the justice court, an appeal to the county court by defendant, where motion to dismiss appeal was granted, and defendant appeals. Affirmed.

Hamilton & Hamilton, of Hemphill, for appellant.

Minton & Lewis, of Hemphill, for appellee.

HIGHTOWER, C. J. On the 6th day of November, 1917, H. M. Maund, who is the appellee here, filed suit in the justice court of precinct No. 1, Sabine county, against F. I. Clark, who is appellant here, upon a verified open account for the sum of $164.53. On the 25th day of March, 1918, said cause was tried in said justice court, and the plaintiff, Maund, recovered a judgment against the defendant, Clark, for the full amount sued for. Clark

excepted to the judgment so rendered, and gave notice of appeal to the county court of Sabine county, and thereafter, in due time, filed with the justice his appeal bond, conditioned and made payable as by law required, seeking to remove said cause to the county court of Sabine county.

The first term of the county court of Sabine county that convened after the judgment in the justice court was rendered was the May term of the county court, and the second term of the county court that convened after such judgment in the justice court was the August term of the county court, and the third term of the county court to convene after such judgment in the justice court was the November term of the county court.

The record in this case shows, without dispute, that the justice of peace, notwithstanding the filing with him by Clark of his appeal bond, did not transmit or send up to the county court the transcript in said cause, on Clark's appeal bond, as by law required to do, so that such transcript and appeal bond might be filed in the county court at its first term after such appeal was perfected; nor did said justice of the peace send up said transcript and appeal bond to said county court, so that they could be filed in said county court at the second term, which was the August term after the judgment in the justice court. On the 7th day of December, 1918, however, appellant, Clark, did cause said transcript and appeal bond to be filed in said county court; said 7th day of December being the last day of the third term of the county court of Sabine county that convened after the judgment in the justice court was rendered.

Immediately, so far as we are able to gather from the record here, upon filing by appellant of the transcript and appeal bond in the county court, appellee, Maund, filed in the county court a motion in which he prayed the court to dismiss appellant's appeal to that court on the ground, in substance, that appellant, Clark, had negligently failed to prosecute his appeal to that court, without any reason or excuse for such failure; his motion showing that practically three terms of the county court had convened and passed after the judgment in the justice court was rendered, and that no reason existed for such failure on the part of appellant. This motion was resisted by appellant, Clark, and he asked the court to overrule the same, and to postpone the trial of the cause in the county court until the February term, 1919. Upon hearing and consideration of this motion to dismiss, the same was granted by the county court, and the appeal was dismissed, and to this action of the county court in dismissing the appeal appellant, Clark, duly excepted, and gave notice of appeal to this court.

[1] All of appellant's assignments of error raise substantially the same legal question, and what we shall say will dispose of them all, without taking them up and disposing of them numerically. It is the contention of appellant, substantially, that the county court had no right or authority to dismiss his appeal from the justice court, notwithstanding the fact that practically three terms of the county court had convened and expired before the transcript in the justice court and his appeal bond had been filed in the county court; he contending, in effect, that the law made it the duty of the justice of peace to file such transcript and appeal bond in the county court, and that the failure of the justice of the peace to so file said transcript and appeal bond at the first and second terms of the county court next convening after the judgment in the justice court could not deprive appellant of the right to have the county court try the cause de novo, since the transcript and appeal bond were filed during the third term of the county court, as hereinbefore shown.

Article 2396, R. S., provides:

"Whenever an appeal has been granted from the justice's court to the county court, it shall be the duty of the justice who made the order immediately to make out a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county."

Article 2397 provides:

"Such transcript and papers shall, if practicable, be transmitted to the clerk of the county court on or before the first day of the next term of such court; but, if there be not time to make out and transmit the same to the first term, they may be so transmitted on or before the first day of the second term of the court."

[2] From these articles it will be observed that it was the duty of the justice of peace, as contended by appellant, to make up and transmit to the clerk of the county court of Sabine county a transcript in said cause by the first day of the May term of the county court of Sabine county, if there was sufficient time elapsing between the perfecting of the appeal and the convening of the county court; but if there was not sufficient time so elapsing, then it was the duty of the justice of peace to make up and transmit said transcript on or before the August term of said county court, all of which the justice of peace, as this record shows, failed to do. While it is true that this duty devolved upon the justice of peace, as contended by appellant, yet it does not follow that no duty or burden rested upon appellant, Clark, to see that this transcript was not timely and properly carried to the county court. Appellant was the actor in this matter, in so far as the appeal to the county court was concerned, and while the statute enjoined upon the justice of the peace the duty of making up and transmitting the transcript, never-

theless it was also the duty of appellant to prosecute his appeal with reasonable diligence, and, if necessary to that end, it was his duty to see and to resort to proper means to compel the justice of peace ·to make up and transmit to the county court the transcript.

It was so held in Cariker v. Dill, 140 S. W. 843. In that case, however, the transcript was not filed in the county court until after the expiration of the third term of that court, after the judgment in the justice court, and appellant contends that the opinion of the Court of Civil Appeals in that case, while not questioning its correctness as to the facts there appearing, is not authority for the action of the county court in this case in dismissing his appeal. While it is true that three terms of the county court had convened and expired in the Cariker-Dill Case, nevertheless the principle there announced finds application here, for really and for all practical purposes three terms of the county court had convened and expired, as shown by the record here, since the rendition of the judgment in the justice court, and before the filing of the transcript in the county court. As above stated, the transcript here was not filed in the county court until the very last day of the third term of that court, and we might reasonably infer from the written answer of appellant to appellee's motion to dismiss that there was not sufficient time after filing the transcript on the last day of the term in which to try and dispose of the cause in the county court, because in such written answer appellant moved the county court to continue the case on the docket and let it be heard and disposed of at the February term, 1919.

The county judge filed findings of fact and conclusions of law, and, while we shall not mention them separately, the substance of the fact findings was to the effect that not only the justice of the peace was guilty of negligence in failing to make up and transmit the transcript from his court to the county court, but that appellant himself was also guilty of negligence in failing to cause said transcript to be made up and so transmitted and filed, and the county judge also expressly states in his findings that appellant made no attempt whatever to offer any excuse or reason for his failure to have the transcript filed in the county court any sooner than it was actually filed, which was, as before stated, on the very last day of the third term of the county court. Now, we are asked by appellant to review the action of the county court in this matter, and reverse its judgment in holding that appellant's appeal to that court should be dismissed for the want of prosecution in that court, and after careful consideration we have concluded that we would not be authorized to hold that the county court was wrong and abused its discretion in concluding that appellant was guilty of such negligence in prosecuting its appeal to that court as justified that court in dismissing the appeal.

We feel sure that, upon the facts as reflected by this record, appellant was not entitled, as a matter of law, to have the county court keep this case upon its docket and hold appellee's judgment in abeyance for another three months after all of the negligence and failure to prosecute the appeal on the part of appellant, as is shown by the record in this case.

All assignments of error are therefore overruled, and the judgment affirmed; and it is so ordered.