## FLAKE v. H. C. MEACHAM CO. (No. 2203.)

Court of Civil Appeals of Texas. El Paso. Jan. 31, 1929.

Arthur L. Moore, of Fort Worth, for appellant.

Coates & Mastin, Cecil Cook, and McLean, Scott & McLean, all of Fort Worth, for appellee.

WALTHALL, J. We withdraw our former opinion, preferring to omit some matters therein discussed, as we deem it unnecessary to do so in view of the disposition we think to make of the case.

H. C. Meacham Company, a corporation, brought this suit in the justice court against E. M. Flake and wife, Eva Flake, for $75.50, the alleged value of a coat, and $31.35, the alleged value of a dress; both being articles of wearing apparel for the wife, and alleged to be articles of necessity for her. A trial was had in the justice court resulting in a judgment in favor of the plaintiff for $110.-85, interest, and costs of suit. E. M. Flake undertook to appeal from that judgment to the county court at law, No. 2. He gave notice of appeal, and within the 10 days from the date of the judgment, and undertook to file an appeal bond under article 2456 of R. C. S. 1925. H. C. Meacham Company filed a motion to dismiss the appeal, among other things, for want of prosecution, in failing to bring up a proper transcript and the original papers. Flake also filed a motion asking leave to file an amended transcript and bring up the original papers in the cause from the justice court.

The county court at law sustained the motion to dismiss the appeal, holding, among other things, that Flake had not exercised proper diligence in bringing up a proper transcript and the original papers from the justice court.

The record shows that the final judgment in the justice of the peace court was rendered on June 24, 1927; the original appeal bond was filed in the justice court on July 2, 1927; the first transcript from the justice court was filed in the county court at law on July 30, 1927; that transcript did not include the original papers, and was otherwise defective; the reason for not filing the amended transcript earlier appears only in the motion of Flake's attorney to then file, and it is there stated that the clerk of the justice who prepared said transcript could not find said papers at the time the transcript was prepared and filed, although all reasonable diligence was used in a search for them; that since that time said papers have been found, and are tendered with the motion to be filed in said cause. The motion does not state that the attorney filing the motion had knowledge of the facts stated in the motion, nor are the facts stated therein verified by the attorney, nor by the clerk of the justice, nor by the justice.

We have reviewed the evidence found in the record heard on the question of proper diligence used by appellant in bringing up a necessary transcript including the original papers in the case from the justice court, and find that the evidence as to proper diligence does not sustain the issue of diligence used stated in the motion.

Flake excepted to the action of the court in dismissing the appeal, gave notice of, and has perfected, his appeal.

The judgment of the trial court recites that E. M. Flake has not exercised proper diligence in bringing up a proper transcript and the original papers from the justice court; the judgment further recites that the motion of H. C. Meacham Company to dismiss the appeal, among other things, for want of proper diligence on the part of E. M. Flake to perfect his appeal, be sustained.

Without discussing severally the propositions presented, we have concluded that the trial court was not in error in dismissing the appeal on grounds stated in the judgment as to the filing in that court of a proper transcript and the original papers in the cause as prescribed by article 2459, R. C. S. 1925. Clark v. Maund (Tex. Civ. App.) 216 S. W. 257, Missouri, K. & T. R. Co. of Texas v. Bland, 55 Tex. Civ. App. 382, 119 S. W. 911, Cariker v. Dill (Tex. Civ. App.) 140 S. W. 843, Wells v. Driskell (Tex. Civ. App.) 131 S. W. 87, and other cases we have reviewed, hold in effect that it is clearly the duty of the party appealing to see that the statute as to a proper transcript on appeal is complied with, and, if there is delay in so doing, not explained nor excused, the appeal cannot be said to be properly perfected, since, until a proper transcript, with the original papers, is transmitted to the county court, that court can-

**898**

not proceed, and for that reason a dismissal of the appeal for want of prosecution would be proper.

We have concluded from the record before us that the action of the trial court in dismissing the appeal does not present reversible error.

The case is affirmed.