F. H. WELLS ET AL. V. E. C. DRISKELL.

No. 2216.   Decided March 20, 1912.

**1.—Appeal—Jurisdiction—Transcript—Justice Court Judgment.**

On appeal from the County Court of a case, commenced in Justice Court, the transcript of proceedings in the latter court should show the final judgment rendered there in order that the jurisdiction of the County Court on appeal may appear.   (P. 78.)

**2.—Same—Cases Discussed.**

Patty v. Miller, 5 Texas Civ. App., 308; Shiner v. Shiner, 15 Texas Civ. App., 667; and Heath v. Garrett, 50 Texas, 264, distinguished as not in conflict with the rulings herein.   (Pp. 79, 80.)

**3.—Same—Practice on Appeal.**

Where the transcript of proceedings in Justice Court does not contain a final judgment there rendered, showing, on appeal from the County Court, that the latter had jurisdiction of such appeal, the proper practice in the Court of Civil Appeals, is not to dismiss the appeal for want of jurisdiction shown until the appellant has been notified and given opportunity to supply the omission (Rule No. 1 for Courts of Civil Appeals).   The method of supplying such omission should be by certiorari.   (Pp. 81, 82.)

Question certified from the Court of Civil Appeals, Third District, in an appeal from the County Court of Hamilton County.

*H. E. Trippett* and *Langford & Chesley,* for appellants.

*M. M. Whitmire* and *Eidson & Eidson,* for appellee.

MR. JUSTICE DIBRELL delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Third Supreme Judicial District.   The statement and question are as follows:

"The above entitled cause was appealed from a judgment of the County Court of Hamilton County, wherein appellee recovered judgment against appellant for the sum of $153.60. At the last term of this court, to wit, the 8th day of June, 1910, this court of its own motion dismissed the appeal at the cost of appellant, for the reason that the transcript of the record filed herein contained no transcript from the Justice's Court to the County Court, showing a final judgment, which it held to be necessary to give this court jurisdiction of said appeal since the amount in controversy was below the jurisdiction of the County Court. The transcript, however, does contain recitations from the pleadings in the Justice's Court showing that the amount sued for was $153.60, and it also contains a copy of an appeal bond from the Justice's Court to the County Court; and the judgment of the County Court, among other things, recites that there was a judgment in the Justice's Court. This court, however, held in its opinion that these recitations in the transcript were not sufficient to show a final judgment in the Justice's Court from which the appeal was prosecuted, but notwithstanding this, there must be filed, together with the original papers in the County Court, a properly authenticated transcript from the Justice's Court, showing a final judgment in said cause, before the County Court could be held to have jurisdiction over said appeal. This ruling was based upon the case of Missouri, K. & T. Ry. Co. v. Bland, 55 Texas Civ. App., 382, 119 S. W., 911, as well as the cases of Bomar [Bonner] v. Legg & Tindall, 46 Texas Civ. App., 176, 101 S. W., 839, and Needham v. Austin Electric Railway Co., 127 S. W., 904, as appears from a copy of the opinion of this court hereto attached. We also desire to say we think our ruling is sustained by the recent case of American Soda Fountain Co. v. Mason, 55 Texas Civ. App., 532, 119 S. W., 714, et seq.

"Within due course, appellants seasonably filed their motion for rehearing and to reinstate the cause, which motion was carried over to the present term of this court, and by it overruled on the 19th of October, 1910; since which time appellants have filed, on, to wit, November 18, 1910, in this court their motion to recall the mandate and certify the case to the Supreme Court of Texas, on the ground that the decision of this court is in conflict with the opinion of the Honorable Court of Civil Appeals of the Fourth District in Patty v. Miller, 5 Texas Civ. App., 308, and Shiner v. Shiner, 15 Texas Civ. App., 667; and likewise with the decision of the Supreme Court in Heath v. Garrett, 50 Texas, 264. And, in accordance with said request, as well as upon our own motion, since the point raised involves an important question of practice, we have granted said motion and now here certify for your decision the following question, to wit: Did this court err in dismissing the appeal? In other words:

"When a case is appealed from a County Court to this court, and the amount involved is not within the original jurisdiction of the County Court, must the record necessarily contain, as indicated in our opinion, a properly verified transcript from the Justice's Court to the County Court, showing that the case originated in the Justice's court, and that the Justice's Court had rendered a final judgment therein, from which an appeal had been taken, in order to entitle

appellants to prosecute their appeal to this court from the adverse decision of the County Court? Or is it sufficient that the transcript contains an appeal, together with recitations from the pleadings in the Justice's Court and in the judgment of the County Court showing that the suit was for an amount over which the County Court had appellate jurisdiction?"

It seems to be well settled by the decisions of the Courts of Civil Appeals as a matter of practice that the transcripts in those courts must contain the transcript from the Justice's Court to the County or District Court, in order to show affirmatively the jurisdiction of such Appellate Courts. Whatever view this court might entertain upon this question, if it were an open one, we would not be inclined to disturb the established practice as above indicated by the ruling of those courts. In the following cases it has been held that the embodiment of such records in the transcript filed in the Courts of Civil Appeals is necessary to show the jurisdiction of the Appellate Courts: Osborn & Co. v. Ayers, 32 S. W., 76; Texas & P. Ry. Co. v. Jordan, 83 S. W., 1105; Albritton v. First National Bank of Mexia, 85 S. W., 1008; Bonner v. Legg & Tindall, 46 Texas Civ. App., 176; Needham v. Austin Electric Ry. Co., 127 S. W., 904, and Penn Fire Ins. Co. v. Pounders, 84 S. W., 666.

We are unable to discover any conflict upon this question between the decisions of this court and the Court of Civil Appeals or between the holdings of those courts themselves. In the case of Patty v. Miller, 5 Texas Civ. App., 308, to which reference has been made, a transcript was filed in the District Court after the lapse of two terms and the appeal was for that reason dismissed in the lower court. The Court of Civil Appeals of the Fourth District very properly reversed that judgment, but not upon the ground, as we interpret the decision, that it was not necessary to file a transcript of the proceedings had in the Justice's Court. The decision was based upon the fact that for a time the justice refused to make and file a transcript of the proceedings because his costs had not been paid, and his failure to comply with the law was not brought about by any failure of duty on the part of the appellant in that case. The decision is based upon the theory, which we think correct, that the purpose of the transcript from the Justice's Court is to *show* not to *give* jurisdiction to the Appellate Court. In the particular case decided by that court the transcript was as a matter of fact made and filed in the District Court, the cause was dismissed, it seems, for want of jurisdiction, afterward reinstated, and subsequently upon motion of appellee dismissed for the reason that two terms of the District Court had been suffered to pass before the transcript was filed. It appears from the record the evidence of the court's jurisdiction was not wanting, and hence the purpose of requiring the filing of a proper transcript was fulfilled. We think the purpose of the Legislature in requiring the making, certifying and filing of a transcript of the proceedings had in the Justice's Court was to furnish the proper evidence to the Appellate Court of its jurisdiction and that such mode of proof of that fact should be pursued by the appellant where practicable. He should use diligence to procure such transcript and have

it filed at such time as required by law. But to say that this mode of proving the jurisdiction of the Appellate Court in such cases is exclusive would be to establish a rule too fast and harsh, for there might arise circumstances under which a party desiring to appeal might lose that valuable right by reason of no fault of his. Suppose the record of the justice of the peace was lost or destroyed and it was impossible to procure a transcript, it would not be contended that for lack of a transcript no appeal could be had. This would be a denial to a litigant of a valuable legal remedy without any fault or dereliction on his part. We do not wish to be understood as holding that it is only necessary in case of an appeal from Justices' Courts to file an appeal bond and send up that with the original papers without a proper transcript of the proceedings, but we do think that where it is not possible or practicable to procure a transcript as required by the statute that fact will not of itself deprive a party appealing of his right of appeal. Under such circumstances he may show by other means than the transcript that the justice of the peace had original jurisdiction of the cause of action and that the Appellate Court has jurisdiction to try the cause *de novo*. The same rule would apply in appeals to the Court of Civil Appeals, but where the transcript from the Justice's Court to the intermediate court is not contained in the transcript to the Appellate Court, the appeal, after due notice, may be dismissed unless the missing record is supplied by the proper process, or the inability of the appellant or plaintiff in error to supply such record is shown satisfactorily to the court. If the absence of such record can not be supplied then the jurisdiction of the Appellate Court may be shown by other proper means.

The case of Shiner v. Shiner, 15 Texas Civ. App., 666, only holds that it is not necessary that the transcript should show that an appeal bond was filed, and that the court would not look there for such evidence. The law requires in proper cases that an appeal bond should be filed and sent up with the original papers. An appeal is perfected by the giving of a proper bond where one is required, and as to whether such bond has been given is a question of fact to be ascertained by the Appellate Court as any other fact may be ascertained. In what respect the two foregoing cases could be considered in conflict with the opinion certified to this court we are not able to understand.

The case of Heath v. Garrett, 50 Texas, 267, is referred to as being in conflict with the case certified to this court, but we are unable to ascertain in what respect this is true. In that case it seems the record from the County to the District Court was embraced in the transcript filed in the Supreme Court, and while such record disclosed the fact that notice of appeal had been given and the amount of the appeal bond fixed by order of the County Court, there was no appeal bond in the record by which the case was removed from the County to the District Court. In this state of the record Judge Gould expressed some doubt as to whether the Supreme Court could entertain jurisdiction of the appeal, but held that inasmuch as the District Court assumed jurisdiction without objection, it was proper for the Supreme Court to presume that the bond was actually given and that

it had merely been omitted in the transcript. The decision in that case does not meet the question presented here.

In so far as the Court of Civil Appeals in the case certified to this court held that in order to show affirmatively that it had jurisdiction of the case it was essential that the transcript in that court should contain the transcript from the Justice's Court to the County or District Court, we think the decision of the Court of Civil Appeals correct and would answer the question in the affirmative if it were not for the fact that we are confronted with another proposition which forces us, for a different reason, to hold that the Court of Civil Appeals erred in dismissing the appeal in this case.

Rule No. 1 governing the practice in the Courts of Civil Appeals is as follows: "The clerks of the Courts of Civil Appeals shall receive the transcripts delivered and sent to them, and receipt for the same if required. . . . Upon receipt of the transcript it shall be the duty of the clerk to examine it in order to ascertain whether or not, in case of an appeal, notice of appeal and a proper appeal bond or affidavit in lieu thereof (where bond is required) have been given; and in case of a writ of error, whether or not the citation in error appears to have been duly served, and error bond or affidavit in lieu thereof (where such bond is required) appears to have been filed. If it seems to him that the appeal or writ of error has not been duly perfected he shall note on the transcript the day of its reception and refer the matter to the court. If, upon such reference, the court shall be of opinion that the transcript shows that the appeal or writ of error has been duly perfected, they shall order the transcript to be filed as of the date of its reception. If not, they shall cause notice of the defect to issue to the attorneys of record of the appellant or plaintiff in error, as the case may be, to the end that they may take steps to amend the record, if it can be done, for doing which a reasonable time shall be allowed. If the transcript does not show the jurisdiction of the court and if after notice it be not amended, the case shall be dismissed."

From the provision of this rule we gather that the transcript filed in the Court of Civil Appeals must show affirmatively that the court has jurisdiction of the case, but in the event the transcript fails to show the jurisdiction of the court, it becomes the duty of that court to notify the appellant or plaintiff in error or their attorneys of record of the fact, and accord him the opportunity to supply the missing record or to otherwise in a proper manner show that the court has jurisdiction. If this is not done in the proper manner and time the case should be dismissed. However, we apprehend the Court of Civil Appeals of its own motion or upon the suggestion of the appellee or defendant in error would not be authorized to dismiss the case for such reason without first according the opportunity to the delinquent party of amending the transcript, or otherwise making the proper showing. If this method had been pursued as required by the rule above quoted, we can not say as matter of law the appellant would not have pursued the proper course to have the record perfected. We can not refrain from saying in this connection that the remedy given the appellant was not that adopted by him in presenting

an affidavit with the original transcript attached. His remedy of supplying a defective record was by certiorari as plainly pointed out by the long established practice in this State. Davis v. McGehee, 24 Texas, 210; Hart v. Weatherford, 19 Tex., 57; Gulf, B. & K. C. Ry. Co. v. Eastman, 54 S. W., 648; Harris v. Hopson, 5 Texas, 529; Western U. Tel. Co. v. O'Keefe, 87 Texas, 423; Hipp v. Bissell, 3 Texas, 23; Rule No. 11, Court of Civil Appeals.