POWELL v. HILL.

(Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1912.)

1. JUSTICES OF THE PEACE (§ 164*)—APPEAL —RECORD—JUSTICE'S TRANSCRIPT.

The record must affirmatively show a final judgment in justice's court before the county court has jurisdiction of an appeal, so that it should contain the transcript from the justice's court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 607–636; Dec. Dig. § 164.*]

2. JUSTICES OF THE PEACE (§ 159*)—APPEAL— APPEAL BOND.

An appeal from a judgment in a justice's court must be perfected to the county court by giving an appeal bond.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 550–578; Dec. Dig. § 159.*]

3. JUSTICES OF THE PEACE (§ 164*)—INCOMPLETENESS OF RECORD—EFFECT.

Where the transcript does not contain any transcript from the justice's court and a copy of the appeal bond filed therein, so as to show that the county court had jurisdiction on appeal, the Court of Civil Appeals will hold the case on its docket for a reasonable time to enable appellant to amend the record to show such facts.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 607–636; Dec. Dig. § 164.*]

Appeal from Matagorda County Court; W. S Holman, Judge.

Action between J. W. Powell and R. J. Hill in which Powell appealed to the Court of Civil Appeals. Case held on docket to enable appellant to amend record.

Gaines & Corbett, of Bay City, for appellant.

MOURSUND, J. [1] The amount in controversy in this suit was $175.75. The original petition appears to have been filed in justice's court December 24, 1908. Appellant's brief states that this case was appealed from the justice's court, but the transcript does not contain any transcript from the justice's court, nor any copy of appeal bond filed in such court. The transcript from the justice's court is necessary, as the record must affirmatively show a final judgment in such court before the county court would have jurisdiction of the appeal.

[2] If plaintiff recovered a judgment in the justice's court, it is also necessary to show that appeal was perfected to the county court by giving appeal bond.

[3] In pursuance of the decision of the Supreme Court in the case of Wells v. Driskell, 145 S. W. 333, we shall hold this case on our docket a reasonable time before disposing of it to enable appellants to make the necessary amendment of the record to show jurisdiction in the county court. The method of doing this is pointed out in said case of Wells v. Driskell.