### COX v. W. A. CHANSLOR & SON.
### (No. 4359.)

(Court of Civil Appeals of Texas.    Austin.
Oct. 14, 1914.)

1. APPEAL AND ERROR (§ 629*)—DEFECTIVE TRANSCRIPT—CORRECTION AND FILING.

Sufficient excuse not being shown for failure of appellant to see that the transcript was properly prepared for appeal, in that it did not show, as was the fact, that he had given notice of appeal, which was entered of record, for which reason the clerk refused to file it, though seasonably presented, he may not, after the time for filing has elapsed, have it corrected and filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2765; Dec. Dig. § 629.*]

2. APPEAL AND ERROR (§ 56*)—JURISDICTIONAL AMOUNT.

Neither the judgment appealed from nor the amount in controversy exceeding $100, exclusive of interest and costs, the Court of Civil Appeal has not jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 266; Dec. Dig. § 56.*]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by W. A. Chanslor & Son against G. W. Cox, Sr., and another. From a judgment of the county court on appeal from a justice, against said defendant, he appealed. Heard on his motion to correct record and file transcript. Motion overruled.

Clem C. Countess, of Belton, for the motion.

RICE, J.    This suit was brought in the justice court by appellees against G. W. Cox, Sr., and G. W. Cox, Jr., to enforce the collection of a note for $85, bearing interest and providing for attorney's fees. Judgment was rendered in said court against both defendants, from which they prosecuted an appeal to the county court, where judgment was again rendered in favor of appellees, but against G. W. Cox, Sr., alone, for the sum of $99.60, with interest, from which he appealed to this court.

[1] The transcript of the record was not presented here for filing until the 9th of July, 1914, which was the last day within which it could have been filed under the law, notwithstanding it was delivered to counsel for appellant, as shown by the indorsement thereon, on the 7th of June, 1914. No notice of appeal was incorporated in the transcript, for which reason the clerk of this court declined to file same, and indorsed thereon his refusal, together with the time of its receipt, and referred the matter to the court, as required by rule 1 (142 S. W. x) for the government of this court. Thereupon appellant filed his motion, accompanied with a certified copy of the judgment overruling his motion for new trial, from which it appears that he did in fact give notice of appeal, which was entered of record, but no excuse is shown by him in said motion why

the same was not incorporated in the transcript, though having ample time within which to examine same.    The law imposes upon the parties and their counsel appealing a case the duty of seeing that the transcript is properly prepared for appeal, and failure to do so, where no sufficient excuse is shown for such neglect, requires this court to decline to permit the record to be filed after the time has elapsed in which the same could properly be done.

[2] But even if a reasonable excuse had been presented for such failure and the motion granted, it seems that this court would have no jurisdiction to entertain this appeal, because neither the judgment rendered nor the amount in controversy exceeds $100, exclusive of interest and costs.

For the reason pointed out, the motion is overruled.