PERRY et al. v. GREER.    (No. 8248.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 30, 1915.    Rehearing Denied July 2, 1920.)

Appeal and error ⬤⟳1114—Where jurisdiction of county court on appeal from justice is not shown, judgment will be reversed and case remanded for dismissal, unless record amended.

Instead of dismissing appeal from judgment of the county court in a case in which, because of the small amount in controversy, it could have jurisdiction only on appeal from final judgment of a justice, the record not affirmatively showing that there was any trial or judgment in the justice court, and the parties having failed to supply the missing record, though having ample time after suggestion of the defect, judgment will be reversed, and cause remanded, with direction to dismiss, unless the jurisdictional fact be legally shown.

Buck, J., dissenting.

Appeal from Denton County Court; Fred M. Bottorff, Judge.

Action by R. H. Greer against M. G. Perry and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with directions.

See, also, 221 S. W. 931.

Owsley & Owsley, of Denton, for appellants. J. Lee Zumwalt, of Dallas, for appellee.

CONNER, C. J. This is an appeal from a judgment of the county court in appellee's favor for $145, besides costs of suit. The judgment is based upon a verified account by appellee for $130, which bears the file mark of a justice of the peace, but the record fails to contain a transcript made out by the justice showing that there was a trial or judgment of any kind in the justice court. It is from final judgments only that an appeal will lie from a justice's court, and it is certain that the amount in controversy is not within the original jurisdiction of the county court. It is therefore apparent that the record herein fails to affirmatively show, as must be done, jurisdiction in the county court, either original or appellate, to render the judgment appealed from. What then shall be done with the appeal?

It was suggested in the case of Wells v. Driskell, 105 Tex. 77, 145 S. W. 333, by our Supreme Court that the proper practice under such circumstances is to notify the parties and afford an opportunity to supply the missing record, or otherwise establish the jurisdictional fact if it can be done, and that, in event of a failure to so do, to dismiss the appeal.

In view of amended rule 22 (142 S. W. xii) and of the decision of our Supreme Court in

---

H. & T. C. R. Co. v. Parker, 104 Tex. 162, 135 S. W. 369, we have adhered to the practice of this court to refuse, after the submission of a cause, to grant litigants the privilege of delaying a case in order to supply a necessary part of the record, the reasons for our practice in this respect being stated in an opinion on motion for certiorari in Trammell v. Rosen, 153 S. W. 165, and in the case of Bank v. Watson, 178 S. W. 658. We need not, however, at this time express any opinion on the question of whether we should abandon our established practice and give notice of the defect pointed out, for the reason that upon the submission of this cause it was suggested that there was no transcript from the justice court, and neither then nor since has either party sought in any way to correct the record, though there has been ample time to do so. We think, therefore, that we are authorized to assume that the parties either cannot, or care not to, have the record corrected, and that we should proceed to a determination of the appeal.

At this point, however, there is a pronounced divergence of opinion among us. Associate Justice BUCK is of opinion that we should follow the further suggestion in the Driskell Case and dismiss the appeal, while the majority think that the judgment should be reversed with direction to the county court to dismiss the case from its docket unless its jurisdictional facts be shown. The difference in view on the point of practice may, at first thought, be deemed of no importance, but if it be true, as our present record indicates as possible, that the county court was without either original or appellate jurisdiction, it is readily seen that a dismissal of the appeal leaves in apparent force a judgment of the county court, not void on its face, but rendered without authority, thus subjecting the judgment defendant to the necessity of further litigation by an appeal to a court of equity in order to relieve himself from a judgment in fact void. In order to avoid complications of this character, as we infer, our Supreme Court, in the case of Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294, expressly stated that, in cases of the character now before us, "the better plan would be to reverse the judgment rendered by the county court and dismiss the case, rather than to dismiss the appeal from the Court of Civil Appeals." In view of the suggestion thus made, and of the distinct holding in that case, as also in Williams v. Steele, 101 Tex. 387, 108 S. W. 155, that this court had jurisdiction to decide upon the validity of the judgment rendered and to dispose of it notwithstanding a want of jurisdiction in the county court to render it, we later took up the question of practice in question, and, after full consideration, reversed our former

practice, and determined that the rule should be as indicated by the Supreme Court in Railway v. Coal Co., supra. See Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618. Since then this court has uniformly, and in numerous cases, enforced the rule announced in Ware v. Clark, and reversed the judgment, instead of dismissing the appeal, the latest one on the subject that we recall being the above-cited case of City National Bank v. O. P. Watson, 178 S. W. 657, decided by us, all agreeing, shortly before the adjournment of our last term of court. Notwithstanding the cases mentioned, however, the majority might feel constrained to follow the later suggestion in the Driskell Case and dismiss this appeal, if we regarded it as the result of the deliberate conclusion of the Supreme Court on the point of practice here involved after its attention had been called thereto. But an examination of the Driskell Case will show, as the majority think, that the question really intended to be certified for determination was not whether it was proper to dismiss the appeal rather than to reverse the judgment, but whether it was essential for the record in the Court of Appeals to contain a transcript from the justice court, exhibiting the proceedings of that court. To this question the entire argument of the Supreme Court seems directed, and the majority regard the suggestions, indicating that, in the absence of a transcript of the justice, it is proper to dismiss the appeal, as mere passing expressions of the able judge who wrote the opinion without his attention having in any way been called to the particular point. Had it been the purpose to fix a practice different from that suggested in Railway v. Canyon Coal Co., and to overrule our decision following it (Ware v. Clark), we think the purpose would have been so expressed in plain terms. As it is, however, the majority feel unwilling to depart from the established practice of this court until a more specific and authoritative determination of the Supreme Court to the contrary.

We should, perhaps, before closing the subject call brief attention to a distinction in the cases that has been given weight by the majority. There is a marked distinction, as we think, between cases where the law has given no jurisdiction whatever over the subject-matter in controversy and cases within the scope of the general powers conferred by law, but in which it appears that the court's jurisdiction has been irregularly set in motion, or where, as in the case before us, the record merely fails to affirmatively show that the proper steps have been taken to bring the court's power into active operation. In one class of cases there is an entire want of power, while in the other power or jurisdiction exists in a very important sense. Many cases and numerous text-

writers, which we will not take the time to cite and analyze, announce in general terms, without reference to any distinction, that the appellate · court is without jurisdiction in cases where the trial court is without jurisdiction, and hence that the appellate court has no power to revise or alter the judgment below in any form, but can only dismiss the appeal. Yet, as we have seen, in the cases of Railway v. Canyon Coal Co. and Williams v. Steele, it was distinctly held by our Supreme Court that the Courts of Civil Appeals did have the power to set aside the judgment of the court below, notwithstanding the ruling that the court below was without jurisdiction, thus constituting an apparent conflict in the authorities. There should be, as it seems to the majority, no real conflict between the classes of cases. The first class, as it seems to us, is properly to be applied where the trial court under no circumstances could enter a lawful decree, while the latter cases are to be followed where the trial court in general terms has been given power over the subject-matter and persons, but in which it does not appear that such general power has been properly invoked. To illustrate, under our judicial acts the county court under no conceivable circumstances can be said to have jurisdiction to try a suit in trespass to try title to land, or a suit for divorce, as all power over these subjects has been given to a different trial court. Should a county court, therefore, enter a decree of divorce, or enter a judgment establishing title to land, the decree would be void on its face, for the reason that, in the light of the law that all men are presumed to know, it is apparent that the county court had no power or jurisdiction over the subject-matter. In such case the judgment is void upon its face, and can constitute no obstacle to the assertion of a right, or operate as an aid to any one claiming under it. In all such cases there is a want of jurisdiction in the strict sense of the term, and, as we think, it would be entirely proper for the appellate court to dismiss the appeal rather than to exercise appellate jurisdiction by reversing the judgment. But take the case we now have before us as illustrating the opposing class of cases, and which we think is within the principle followed in Railway v. Canyon Coal Co. and Williams v. Steele. The justice court undoubtedly had original jurisdiction to try the cause and enter a decree, and it is just as clear that our county courts in general terms have been given appellate jurisdiction over this class of cases. See Vernon's Sayles' Texas Civil Statutes, art. 1767. So that the decree of the county court now before us does not appear to be void on its face. The decree has been rendered on a subject-matter apparently within the general scope of the powers given to the county court, and its judgment would

not be subject to a collateral attack. See Roy v. Whitaker, 50 S. W. 491. In fact the appellate jurisdiction of the county court may have been properly invoked. The only difficulty in the proceedings as presented to us is that our records fail to affirmatively so show, and the parties, as we have seen, having failed to supply this necessary evidence after due opportunity to do so, we think the judgment should be reversed in accordance with the practice announced by us in Ware v. Clark, and followed in the kindred cases of judgments by default, where the record fails to show that the trial court acquired jurisdiction over the person of the defendant by due service of citation.

It is ordered that the judgment herein be reversed, and the cause remanded, with direction to the county court to dismiss the case from the docket unless the jurisdictional facts be legally shown.

BUCK, J. (dissenting). It is with regret that I am forced to dissent from the views expressed in the majority opinion by my Brethren, whose long service in this court would ordinarily incline me to defer to their judgment, and especially as to a matter of mere practice. If I did not feel that the path had been plainly blazed out by our Supreme Court, with oft-repeated instructions how to follow, I would not presume to differ from them in the conclusions reached as to the proper disposition of this case.

In the case of Wells v. Driskell, 105 Tex. 77, 145 S. W. 333, noted in the majority's opinion, our Supreme Court lays down the rule in unmistakable language that, when the transcript from the justice court to the county court is not contained in the record filed in the Court of Appeals, the proper practice is, first, to notify the appellant or his attorney of record of the omission, and afford a reasonable time in which to file the missing transcript; and, second, if the omitted part of the record should not be supplied within the reasonable time prescribed by the Court of Appeals, to dismiss the appeal. This holding is in entire accord with rule 1 (142 S. W. x), prescribed by our Supreme Court for the government of the Courts of Civil Appeals, which, in part, reads as follows:

"Upon the receipt of the transcript it shall be the duty of the clerk to examine it in order to ascertain whether or not, in case of an appeal, notice of appeal and a proper appeal bond or affidavit in lieu thereof (where bond is required) have been given; and in case of a writ of error, whether or not the citation in error appears to have been duly served, and error bond or affidavit in lieu thereof (which such bond is required) appears to have been filed. If it seem to him that the appeal or writ of error has not been duly perfected he shall note on the transcript the day of its reception and refer the matter to the court. If, upon such reference, the court shall be of opin-

ion that the transcript shows that the appeal or writ of error has been duly perfected, they shall order the transcript to be filed as of the date of its reception. If not, they shall cause the notice of the defect to issue to the attorneys of record of the appellant or plaintiff in error, as the case may be, to the end that they may take steps to amend the record, if it can be done, for doing which a reasonable time shall be allowed. If the transcript does not show the jurisdiction of the court and if after notice it be not amended, the case shall be dismissed."

In a number of instances the case of Driskell v. Wells has been followed by our Courts of Civil Appeals as to this feature of practice, notably in Powell v. Hill, 152 S. W. 181, and Freeman v. Miller, 160 S. W. 126, both by the San Antonio Court of Appeals, and the case of Cox v. Chanslor & Son, 170 S. W. 120, by the Austin Court. But the majority of this court are of the opinion that the procedure directed in rule 1, supra, should not be followed in a case where the attention of the Court of Appeals is for the first time called to the defective condition of the record after submission, and they rely on rule 22 to sustain their views, which rule reads as follows:

"A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

In the first place, rule 22 was adopted by the Supreme Court March 15, 1911, and as a result of the general uncertainty among the profession and the variant holdings by the Courts of Civil Appeals as to the proper procedure to be followed in an instance of this kind, as shown in the case of H. & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S. W. 369, and the decision in the case of Wells v. Driskell rendered a year later must have been rendered with rule 22 in mind, and should therefore be held as construing and harmonizing these two rules of practice. With this in mind, we are able to better understand the intended limitations of the holding in the case of Railway v. Parker, supra. In that suit the Court of Appeals for this district had dismissed the appeal because the transcript contained no final judgment, holding that the record failed to disclose the jurisdiction of the appellate court, and a motion for rehearing, as well as a motion for certiorari to perfect the record,

was overruled by this court. On application for writ of error the question presented to the Supreme Court was, not as to the proper procedure to be followed by the Courts of Civil Appeals where it appeared there were wanting certain portions of the record necessary to show jurisdiction on the part of the trial court to render the judgment it had purported to render, or authority on the part of the appellate court to entertain jurisdiction for the purpose of rendering judgment on the merits of the case, but rather, whether or not this court had erred in dismissing the appeal, and in this connection Judge Ramsey, speaking from the court, used this language:

"If the question presented were of first impression, we would not hesitate to declare that the judgment of the court in this case was authorized, appropriate, and timely. We think the rule laid down in Ross v. McGowen, 58 Tex. 603, where it was held that this court would not, after submission of a cause and *after decision thereof* [emphasis ours] grant a rehearing and award a certiorari to perfect the record when the motion for rehearing is based on the defectiveness of the record, and when no excuse is offered to show why the defect was not discovered before the submission, states a correct rule of practice. In discussing this matter Chief Justice Willie, speaking for the court, said: 'After a cause is once submitted upon a transcript supposed to be correct, as the parties have made no objection to it, and we have decided it upon such transcript, we cannot undertake to re-examine such cause because the counsel for either party discovers a defect in the transcript, which, if supplied, might possibly lead us to a different conclusion. A mistake in the pleadings or facts of a single word might influence the decision. Thus discovered and remedied, a new opinion framed to suit the altered record might itself be set aside upon the discovery of some other error; and so on to numberless changes in the transcript and the decisions upon it. This practice cannot, of course, be allowed, and to prevent it the right to a certiorari must be limited to some point in the proceedings, which must not extend beyond the date of the submission of the cause to the court for decision. Indeed, this has been the rule of this court announced in frequent opinions of our predecessors, which, having been orally delivered, may not have come to the knowledge of the profession generally.'

"It is not to be doubted that the enforcement of such a practice may, in individual cases, operate as a hardship, but it must be remembered that the orderly dispatch of the business of the court is a matter of general concern. A careful attention to the preparation of the record before it is filed, or any reasonable attention to the record after it is filed, but before submission, will obviate and prevent such a result. Certainly, it is not asking too much of a litigant to require him to exhibit before the court in due time and in due form the judgment of which he complains. To adopt any other rule is to encourage inattention and carelessness, to work confusion in the labors of the court, and to bring about delays in the administration of justice. However, while not in terms overruled, it cannot be doubted that the

later decisions of this court have substantially departed from the rule laid down in Ross v. McGowen, supra, and that this later rule has been accepted and followed by practically all of the Courts of Civil Appeals.

"In the case of Western Union Teleg. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945, where notice of appeal had been omitted from the record, it was held that it was the fact of the appeal, and not the mere entry of the notice of same in the record, which gave the appellate court jurisdiction, and that the Court of Civil Appeals had authority to ascertain the fact of the appeal, and should set aside an order of dismissal, so that the record of the court below might be perfected and brought before such court on certiorari. * * *

"Again, in the case of Railway Co. v. Peery, 87. Tex. 597, 30 S. W. 435, in affirming the correctness of the decision of Western Union Teleg. Co. v. O'Keefe, supra, Judge Gaines held that, where the appeal had been dismissed by the Court of Civil Appeals for the reason that notice of appeal did not appear in the transcript, it was error to overrule a motion for rehearing based upon affidavit of counsel, and supported by the certificate of the judge and clerk of the court where the case was tried that such notice of appeal had been given."

It will be noted that in the cases cited in the opinion in the Parker Case there had been a judgment of dismissal by the Court of Civil Appeals, with no opportunity afforded the appellant or plaintiff in error to perfect or correct the record held to be defective, and the Supreme Court in each instance had held that such failure upon the part of the Court of Civil Appeals to afford such opportunity was error, and had not held that the judgment of dismissal was erroneous in itself, where the attention of the appellant or plaintiff in error had been called to the omission, and he had failed to perfect the record within a reasonable time. Certainly, rule 22 does not attempt to prescribe the proper disposition of a case, the record of which is found to be defective or wanting in any essential particular, and, taking the language in its strongest sense, it can only be held to provide what the transcript of the record must exhibit on appeal and the time within which, to wit, before submission, such defective record may be perfected. The fact that this rule uses the language that "all parties will be expected, before submission, to see that the transcript of the record is properly prepared," does not relieve the appellant or plaintiff in error, in the opinion of the writer, of any burden of presenting to the appellate court a transcript showing affirmatively that the judgment of which he complains is one of which the trial court had jurisdiction, and of which the appellate court is authorized to entertain jurisdiction upon appeal. To hold otherwise is putting a premium on the carelessness of an appealing party, and to reverse a judgment and remand a cause because such record does not affirmatively show jurisdiction in the trial court to render the judgment it did render, or in the appellate court to entertain jurisdiction, is affording to an appealing party the very result which he is seeking to accomplish. That the laboring oar is in the hands of the appealing party is to the mind of the writer evident from a careful reading and comparison of the rules provided for the guidance of the Court of Civil Appeals, and from the expressions of the Supreme Court in those decisions cited, and in innumerable other cases not necessary here to cite.

. Therefore the writer believes that, even though it may properly be said that appellant had notice of the defective record at the time of submission, and has up to this time failed to take any steps to remedy such defect, and therefore, cannot be held to be entitled to the notice provided for in rule 1, yet there is no good reason why he should 'be permitted to reap as the fruit of his own negligence the utmost relief he could have secured by the utmost diligence. It is the opinion of the writer that appellee's motion to dismiss this appeal should be granted.