## JOHNSON et al. v. GIBSON BROS. (No. 2520.)

(Court of Civil Appeals of Texas. Texarkana. March 9, 1922.)

1. **Appeal and error** ⚖️512—**On appeal from county court's judgment on appeal from justice, record must affirmatively show county court's jurisdiction.**

On appeal from judgment of county court rendered on appeal from justice court, the record must affirmatively show that the county court had jurisdiction of the cause.

2. **Appeal and error** ⚖️512—**Recitals in bond on appeal from justice to county court not evidence of county court's jurisdiction on appeal from county court's judgment.**

On appeal from judgment of county court rendered on appeal from a justice court, recitals in appeal bond given on appeal from

justice court to the county court cannot be treated as evidence to show the county court had jurisdiction.

**3. Justices of the peace ☞183(1)—Appellant required to show county court to have acquired jurisdiction on appeal from justice court.**

On appeal from the justice court' to the county court, appellant had burden of showing the county court had jurisdiction.

**4. Appeal and error ☞1114—Court of Civil Appeals on failure of record to show county court had jurisdiction on appeal from justice will reverse and remand, with instructions to dismiss, unless jurisdiction is shown.**

On appeal from judgment of county court rendered on appeal from the justice court, the Court of Civil Appeals, on failure of record to affirmatively show the county court to have acquired jurisdiction, will reverse the judgment of the county court and remand the case, with instructions to the county court to dismiss the case, unless its jurisdiction is properly made to appear.

Appeal from Hopkins County Court; Homer L. Pharr, Judge.

Suit in justice court by Gibson Bros. against D. Sims and others, in which Henry Johnson and the Como State Bank intervened. From the judgment rendered by the county court on appeal from a justice court, the interveners appeal. Reversed and remanded, with instructions.

It appears from the record that the suit was commenced in a justice court by "Gibson Bros." as plaintiffs against "D. Sims et al." as defendants, and that it was on a promissory note for $107, interest, and attorney's fees. What the pleadings of the parties were does not appear from the transcript of the entries on the justice's docket sent to the county court, nor from anything else in the record. What the judgment of the justice court was does not appear from said transcript, nor otherwise, except from the recitals in an appeal bond filed by Gibson Bros. in that court. From those recitals it appears that "the intervener Henry Johnson recovered judgment against the defendant D. Sims and the plaintiffs Gibson Bros. for the title and possession of $100 in money"; that the Como State Bank recovered judgment "against D. Sims as principal and W. H. Johnson as surety" for $25.75; and that Gibson Bros. recovered judgment against D. Sims for $107.15. In the county court Henry Johnson and the Como State Bank, describing themselves as "interveners in the cause," moved to dismiss the appeal of Gibson Bros. on the ground that it did not appear from the transcript referred to that a final judgment had been rendered in the justice court, and that the county court had jurisdiction of the appeal. The motion was overruled. The trial

which followed resulted in a judgment in favor of "S. M. Gibson, T. S. Gibson, and C. S. Gibson, composing the firm of Gibson Bros.," against D. Sims for $131.80, in favor of the Como State Bank against D. Sims and W. H. Johnson for $31, and in favor of Henry Johnson against D. Sims for $106. The appeal to this court was prosecuted by Henry Johnson and the Como State Bank.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellants.

Connor & Ramey, of Sulphur Springs, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] Unless the recitals in the appeal bond from the justice court to the county court should be treated as sufficient evidence of the fact, there is nothing in the record sent to this court affirmatively showing that the county court had jurisdiction of the cause. It has been held that such recital cannot be treated as such evidence. American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714; Consumers' Fertilizer Co. v. Badt (Tex. Civ. App.) 157 S. W. 226. As this court is without power to review the judgment of the county court unless it so appears that that court had jurisdiction of the cause in which the judgment was rendered (Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618; Wells v. Driskell, 105 Tex. 77, 145 S. W. 333), it cannot entertain the appeal. As it cannot, it has only to determine the course it should pursue with reference thereto. Appellees suggest that action by this court should be postponed until they have had an opportunity to supply evidence necessary to show that the county court had jurisdiction, after notice given as provided in rule 1 (142 S. W. x) for the government of Courts of Civil Appeals, and refer to Wells v. Driskell, supra, as indicating that to be the proper practice.

[3, 4] But we think neither the rule invoked nor the case cited supports appellees' view; for the notice provided for in the rule is to be given to the appellant, not to the appellee, and it was the appellant in Wells v. Driskell whom the Supreme Court held to be entitled to the notice, not the appellee. If the county court acquired jurisdiction of appellees' appeal from the justice court it was appellees' duty to show it. Clark, v. Maund (Tex. Civ. App.) 216 S. W. 257. Appellants' motion in the county court to dismiss that appeal was predicated on appellees' failure to discharge that duty, and appellants' appeal to this court is predicated on the action of the county court in overruling their motion and rendering a judgment it did not appear, because of appellees' failure to discharge their duty, it had power to render. The proper course for this court to pursue, we think, is to reverse the judgment

of the county court and remand the case, with instructions to that court to dismiss it, unless its jurisdiction is properly made to appear (Perry v. Greer, 110 Tex. 549, 221 S. W. 931; Fruit Dispatch Co. v. Rainey [Tex. Sup.] 232 S. W. 281; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441); and it will be so ordered.