## NORDYKE v. JAMES.   (No. 1748.)

(Court of Civil Appeals of Texas.   El Paso. April 16, 1925.)

1. Appeal and error ⬅⟿494—Court of Civil Appeals without jurisdiction of appeal from county court in suit originating in justice court, where judgment in justice court not shown.

Court of Civil Appeals was without jurisdiction of appeal from county court in suit originating in justice court, where record contained no transcript showing rendition of any judgment in justice court.

2. Appeal and error ⬅⟿635(2)—Appeal from county court in suit originating in justice court not dismissed, but cause reversed and remanded where record incomplete.

Where Court of Civil Appeals was without jurisdiction of appeal from county court of suit originating in justice court, because record contained no transcript showing rendition of any judgment in that court, appeal would not be dismissed, but cause would be reversed and remanded with instructions to court below to dismiss, unless it was made to appear that its appellate jurisdiction had been properly invoked.

3. Appeal and error ⬅⟿1091(1)—Court of Civil Appeals authorized on appeal from county court to assume that parties did not care to have record corrected.

Where both parties on appeal from county court of suit originating in justice court had notice that transcript was incomplete in that it did not show rendition of judgment in that court, and neither offered to correct defect, nor requested further time in which to do so, Court of Civil Appeals was authorized to assume that they either could not or did not care to have record corrected, and could therefore proceed to a determination of appeal.

Appeal from Callahan County Court; Victor B. Gilbert, Judge.

Action between Chas. Nordyke and France James.   Judgment for the latter, and the former appeals.   On motion to dismiss appeal.   Reversed and remanded, with instructions.

Chas. Nordyke, of Lubbock, for appellant. W. O. Tisdale, of Baird, for appellee.

HIGGINS, J.   Appellant appeals from a judgment rendered against him in the county court for $172.   The suit originated in the justice court.   The record contains no transcript from the justice court showing the rendition of any judgment in that court.

[1] In this condition of the record this court has no jurisdiction as was held in Wells v. Driskell, 105 Tex. 77, 145 S. W. 333, and many other cases to the same effect some of which are hereinafter cited.   Just before the submission of the case in this court, appellee filed a motion to dismiss the appeal because of the insufficiency of the transcript in the particular noted—citing Wells v. Driskell.   To this motion appellant has filed a reply, but has made no effort to supply the deficiency.

[2] Dismissal of the appeal, however, is not the proper order to be made by this court.   The proper disposition is to reverse and remand with instructions to the court below to dismiss, unless it be made to appear that its appellate jurisdiction has been properly invoked.   Perry v. Greer (Tex. Civ. App.) 223 S. W. 714; s. c., 110 Tex. 549, 221 S. W. 931; Fruit Dispatch Co. v. Rainey, 111 Tex. 266, 232 S. W. 281; Johnson v. Gibson Bros. (Tex. Civ. App.) 240 S. W. 667.

[3] Appellee, prior to the submission, had full notice of the condition of the record as evidenced by his motion to dismiss. There is thus no occasion for this court to afford him any further opportunity to perfect the record and supply anything improperly omitted therefrom.   Having this notice, he should, if it could be done, have perfected the record by showing that the county court properly acquired jurisdiction. Since both parties had notice of the condi-

---

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion of the transcript, and neither have offered to correct the defect nor request further time in which to do so, "we are authorized to assume that the parties either cannot, or care not, to have the record corrected, and that we should proceed to a determination of the appeal." Perry v. Greer (Tex. Civ. App.) 223 S. W. 714; Johnson v. Gibson Bros., supra.

Reversed and remanded, with instructions as indicated.