# NO. 12-09-00064-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MILLARD VAUGHN AND,* <br> *BARBARA VAUGHN* <br> *APPELLANTS* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *PAUL DRENNON AND,* <br> *MARY DRENNON,* <br> *APPELLEES* | § | *SABINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Millard and Barbara Vaughn own a parcel of land that shares a common boundary line with land owned by Paul and Mary Drennon. The two couples filed lawsuits against each other due to their inability to peacefully resolve disputes that arose between them. A jury returned mixed results for each side and the trial court disregarded portions of the jury verdict. Only the Vaughns appeal from the trial court's judgment, complaining of the portions that are adverse to them. Because the judgment is not final, we dismiss for want of jurisdiction.

## JURISDICTION

Our initial inquiry is always whether we have jurisdiction over an appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). As a general rule, with a few mostly statutory exceptions, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Rule 301 of the Texas Rules of Civil Procedure requires the judgment to conform to the pleadings. Tex. R. Civ. P. 301. Accordingly, a judgment is final for purposes of appeal if it disposes

of all pending parties and claims in the record.[1] *Lehmann*, 39 S.W.3d at 195. A final judgment is one that determines the rights of the parties and disposes of all the issues involved so that no future action by the trial court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch*, 156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956).

Texas has long recognized a presumption of finality for judgments that follow a conventional trial on the merits. *Moritz v. Preiss*, 121 S.W.3d 715, 718-19 (Tex. 2003). Moreover, finality must be resolved by a determination of the intention of the trial court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 718 (Tex. 2003) (Jefferson, J., concurring). If the record does not affirmatively demonstrate our jurisdiction, we must dismiss the appeal. TEX. R. APP. P. 42.3(a); *Wells v. Driskell*, 105 Tex. 77, 81, 145 S.W. 333, 336 (1912).

While previous litigation between the two couples was still not finalized, the Vaughns sued Paul and Mary Drennon. In a separate action, the Drennons sued the Vaughns. When the Vaughns filed their amended petition, they named as defendants not only the Drennons, but also the Drennons' grandchildren, Chase Atwood and Taylor Atwood. The trial court consolidated the two cases. All defendants were served and filed answers.

Neither the jury charge nor the judgment mentions Chase or Taylor Atwood. There is no language in the judgment expressly disposing of the entire case. The record contains no documents disposing of the claims against the Atwood defendants. At oral argument, we inquired about the disposition of these two parties. The Vaughns responded with a postsubmission letter brief in which they state that "[t]he Atwood Defendants were never explicitly dismissed or nonsuited, nor were the claims against them severed." In spite of this admission, the Vaughns argue that we should apply a presumption of finality to the judgment. The Vaughns also argue that the judgment is final because the trial court and the parties intended it to be final. Finally, they assert that

---

[1] An order that does not dispose of all pending parties and claims may also be final for purposes of appeal in some instances not applicable here, e.g., probate cases. *See Lehmann*, 39 S.W.3d at 195.

2

we may abate the appeal to permit the trial court to clarify its intentions or modify the judgment to make it final.

There is nothing in the record to indicate that the claims against the Atwood defendants were disposed of or how the parties intended to dispose of the claims against the Atwood defendants. The language of the judgment does not unequivocally express an intent to dispose of all claims and all parties; instead it specifically disposes of only the Vaughns' claims against the Drennons and the Drennons' claims against the Vaughns. Because the judgment does not address all pending claims, either explicitly or implicitly, the judgment is not final. *Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009). Neither the language of the judgment nor the remainder of the record indicates that the parties or the trial court intended the judgment to be a final and appealable order. Accordingly, the trial court's judgment is interlocutory in nature and the presumption of finality does not apply. *See Moritz*, 121 S.W.3d at 719.

We are prohibited from dismissing an appeal if the trial court's erroneous action or inaction prevents the proper presentation of an appeal and can be corrected by the trial court. TEX. R. APP. P. 44.4(a). The appellate court may allow an appealed order that is not final to be modified so as to be made final. TEX. R. APP. P. 27.2. If an appellate court is uncertain about the intent of the trial court's order, it may, in some cases, abate the appeal to permit clarification by the trial court. *See Lehmann*, 39 S.W.3d at 196. However, we do not construe the rules of appellate procedure as conferring authority on an appellate court to abate an appeal while there are significant issues yet to be decided by the trial court. *See Garcia v. Comm'rs Court*, 101 S.W.3d 778, 785-86 (Tex. App. – Corpus Christi 2003, no pet.). We cannot conclude from the record that the determination of the remaining issues in this case would not require more than the disposition of perfunctory issues that can be procedurally cured by the trial court's entering a clarifying or similar order. *See id.* at 786. Thus, while we are loathe to delay this already protracted litigation, abatement in this case would be inappropriate. Accordingly, we hold there is no final, appealable judgment before this court over which we have jurisdiction, and that we cannot abate the appeal until a final judgment is before us.

## DISPOSITION

Because the record does not affirmatively demonstrate our jurisdiction, the appeal is ***dismissed for want of jurisdiction***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 31, 2009
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)