NO









NO. 12-09-00064-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

MILLARD VAUGHN AND,                             '     APPEAL
FROM THE 273RD

BARBARA VAUGHN

APPELLANTS

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

PAUL DRENNON AND,

MARY DRENNON,                                           '     SABINE COUNTY,
TEXAS

APPELLEES

 





                                                      MEMORANDUM
OPINION

Millard and Barbara Vaughn own a parcel of land that shares a
common boundary line with land owned by Paul and Mary Drennon.  The two couples
filed lawsuits against each other due to their inability to peacefully resolve disputes
that arose between them.  A jury returned mixed results for each side and the
trial court disregarded portions of the jury verdict.  Only the Vaughns appeal
from the trial court’s judgment, complaining of the portions that are adverse
to them.  Because the judgment is not final, we dismiss for want of
jurisdiction.

Jurisdiction

Our
initial inquiry is always whether we have jurisdiction over an appeal.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993).  As a general rule, with a few mostly statutory exceptions, an appeal
may be taken only from a final judgment.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001).  Rule 301 of the Texas Rules of Civil Procedure
requires the judgment to conform to the pleadings.  Tex. R. Civ. P. 301.  Accordingly, a judgment is final for
purposes of appeal if it disposes of all pending parties and claims in the
record.[1] 
Lehmann, 39 S.W.3d at 195.  A final judgment is one that
determines the rights of the parties and disposes of all the issues involved so
that no future action by the trial court will be necessary in order to settle
and determine the entire controversy.  Wagner v. Warnasch, 156
Tex. 334, 338, 295 S.W.2d 890, 892 (1956).    

Texas
has long recognized a presumption of finality for judgments that follow a
conventional trial on the merits.  Moritz v. Preiss, 121 S.W.3d
715, 718-19 (Tex. 2003).  Moreover, finality must be resolved by a
determination of the intention of the trial court as gathered from the language
of the decree and the record as a whole, aided on occasion by the conduct of
the parties.  Briscoe v. Goodmark Corp., 102 S.W.3d 714, 718
(Tex. 2003) (Jefferson, J., concurring).  If the record does not affirmatively
demonstrate our jurisdiction, we must dismiss the appeal.  Tex. R. App. P. 42.3(a); Wells v.
Driskell, 105 Tex. 77, 81, 145 S.W. 333, 336 (1912).

While
previous litigation between the two couples was still not finalized, the
Vaughns sued Paul and Mary Drennon.  In a separate action, the Drennons sued
the Vaughns.  When the Vaughns filed their amended petition, they named as
defendants not only the Drennons, but also the Drennons’ grandchildren, Chase
Atwood and Taylor Atwood.  The trial court consolidated the two cases.  All
defendants were served and filed answers.  

Neither
the jury charge nor the judgment mentions Chase or Taylor Atwood.  There is no
language in the judgment expressly disposing of the entire case.  The record
contains no documents disposing of the claims against the Atwood defendants. 
At oral argument, we inquired about the disposition of these two parties.  The
Vaughns responded with a postsubmission letter brief in which they state that
“[t]he Atwood Defendants were never explicitly dismissed or nonsuited, nor were
the claims against them severed.”  In spite of this admission, the Vaughns
argue that we should apply a presumption of finality to the judgment.  The
Vaughns also argue that the judgment is final because the trial court and the
parties intended it to be final.  Finally, they assert that we may abate the
appeal to permit the trial court to clarify its intentions or modify the
judgment to make it final.

There
is nothing in the record to indicate that the claims against the Atwood
defendants were disposed of or how the parties intended to dispose of the
claims against the Atwood defendants.  The language of the judgment does not
unequivocally express an intent to dispose of all claims and all parties;
instead it specifically disposes of only the Vaughns’ claims against the
Drennons and the Drennons’ claims against the Vaughns.  Because the judgment
does not address all pending claims, either explicitly or implicitly, the
judgment is not final.  Crites v. Collins, 284 S.W.3d 839, 841
(Tex. 2009).  Neither the language of the judgment nor the remainder of the
record indicates that the parties or the trial court intended the judgment to
be a final and appealable order.  Accordingly, the trial court’s judgment is
interlocutory in nature and the presumption of finality does not apply.  See
Moritz, 121 S.W.3d at 719.      

We
are prohibited from dismissing an appeal if the trial court’s erroneous action
or inaction prevents the proper presentation of an appeal and can be corrected
by the trial court.  Tex. R. App. P. 44.4(a).  The appellate court
may allow an appealed order that is not final to be modified so as to be made
final.  Tex. R. App. P. 27.2.  If an appellate court is
uncertain about the intent of the trial court’s order, it may, in some cases,
abate the appeal to permit clarification by the trial court.  See Lehmann,
39 S.W.3d at 196.  However, we do not construe the rules of appellate procedure
as conferring authority on an appellate court to abate an appeal while there
are significant issues yet to be decided by the trial court.  See Garcia
v. Comm’rs Court, 101 S.W.3d 778, 785-86 (Tex. App. – Corpus Christi
2003, no pet.).  We cannot conclude from the record that the determination of
the remaining issues in this case would not require more than the disposition
of perfunctory issues that can be procedurally cured by the trial court’s
entering a clarifying or similar order.  See id. at 786.  Thus,
while we are loathe to delay this already protracted litigation, abatement in
this case would be inappropriate.  Accordingly, we hold there is no final,
appealable judgment before this court over which we have jurisdiction, and that
we cannot abate the appeal until a final judgment is before us.  

 

 

Disposition

Because
the record does not affirmatively demonstrate our jurisdiction, the appeal is dismissed
for want of jurisdiction.

 

 

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered December 31, 2009

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1]
An order that does not dispose of all pending parties and claims may also be
final for purposes of appeal in some instances not applicable here, e.g.,
probate cases.  See Lehmann, 39 S.W.3d at 195.